FILED
SUPERIOR COURT
OF GUAM

2020 SEP -8 PM 12: 15

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **DEPARTMENT OF PUBLIC WORKS**, <br><br> Plaintiff, <br><br> v. <br><br> **VICTOR AND VIOLETA WAKI** and **DOES 1-5**, <br><br> Defendants. | Civil Case No. CV0319-19 <br><br><br> **DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 27, 2020 for hearing on Plaintiff Department of Public Works' ("DPW's") Motion for Summary Judgment ("Motion"). Assistant Attorney General Thomas P. Keller represents DPW, and Attorney R. Todd Thompson represents Defendants Victor and Violeta Waki ("Defendants"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** DPW's Motion.

## BACKGROUND

DPW filed a Complaint for Preliminary and Permanents Injunctions ("Complaint") on April 1, 2019, alleging Defendants' recent construction on their home violates zoning laws, setback requirements, and was done in violation by not first obtaining a permit. Defendants filed their Answer to Complaint on May 2, 2019.

DPW subsequently filed their Motion, arguing DPW is entitled to summary judgment as a matter of law and that there is no genuine dispute of material fact in this case. Mot. at 4-5. DPW

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0319-19, *Dep't of Pub. Works v. Waki*
Page 1 of 3

requests injunctive relief "restoring defendants [sic] residence to its original status prior to the illegal construction." *Id.* at 8. Defendants opposed, arguing (1) DPW failed to adequately support its Motion, (2) the injunctive relief requested is disfavored and inappropriate, and (3) disputed issues of material fact bar summary judgment. Defendants' Opp'n to Pl.'s Mot. Summ. J. ("Opposition") at 6-18 (Mar. 10, 2020). DPW did not file a reply.

The Court held a hearing on July 27, 2020. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that the moving party is entitled to a judgment as a matter of law. Guam R. Civ. P. 56(c); *see also Izuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7; *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8. The movant bears the burden of demonstrating that there are no genuine issues of material fact. *See Izuka Corp.*, 1997 Guam 10 ¶ 8. A genuine issue exists if there is significant evidence establishing a factual dispute which must be resolved by a fact finder. *Id.* A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Id.* In rendering its decision, the Court must examine the evidence in the light most favorable to the non-moving party. *Flores*, 2004 Guam 25 ¶ 7. If the moving party establishes a lack of genuine issue of material fact, the non-moving party must present specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## I. Genuine Issues of Material Fact Exist

First, DPW alleges various violations of building laws and zoning laws as well as construction without a permit and continued construction after notices of violation. Mr. Waki asserts that Peter Trinidad, a representative of DPW, "suggested that he would try to work something out" with Defendants after receiving notices of violation. Decl. of Victor Waki at 3 (Mar. 10, 2020). DPW's submitted declaration directly contradicts this notion: "At no time did I state or infer that Mr. and Mrs. Waki were not required to strictly comply with the Notice of

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0319-19, *Dep't of Pub. Works v. Waki*
Page **2** of 3

Violation." Decl. of Peter Trinidad at 2 (Feb. 28, 2020). Mr. Trinidad goes on to say that "Any inference that I impliedly stated that they did not have to comply with this Notice of Violation is patently false." *Id.* at 2-3. Such permission or lack thereof directly relates to the question of whether Defendants violated the Notice of Violation in their continued construction. This factual dispute is better suited for trial.

Second, there is a factual dispute as to whether Defendants had permission to encroach upon the government's property. Mr. Waki asserts that "On or about mid 2017, a representative of the Guam Power Authority ("GPA") had expressly given us permission to attach the retaining wall to the GPA power pole." Decl. of Victor Waki at 2. Counsel for DPW, at the hearing on the instant motion, asserted that such permission was "impossible" as any encroachment permits would have gone through DPW's office and that DPW had no record of any such encroachment permits. While there is no question of whether the retaining wall is connected to the government's power pole, there is a factual dispute as to whether Defendant's had permission to do so. This factual dispute is similarly better suited for trial.

The Court finds that the aforementioned factual disputes are ones that are relevant to DPW's claim and the Waki's defense, ultimately affecting the outcome of the suit. As such, the Court cannot grant DPW's request for summary judgment.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** DPW's Motion for Summary Judgment on the basis that genuine disputes of material fact exist which requires factual findings by the Court at trial. The Court shall hold a pre-trial conference on September 21, 2020 at 9:05am.

**IT IS SO ORDERED** this 8th day of September, 2020.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Plaintiff's Motion for Summary Judgment
CV0319-19, *Dep't of Pub. Works v. Waki*
Page 3 of 3